**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

CASE NO.:_____

SCOTT JACOBSON,

               Plaintiff,

vs.

MARRIOTT VACATION PROPERTIES OF
FLORIDA, INC., a foreign corporation, and
GABRIEL ARMSTRONG, individually,

               Defendants.

_____/

**VERIFIED COMPLAINT**

Plaintiff, Scott Jacobson (hereafter "Jacobson") hereby sues Defendants, Marriott Vacation Properties of Florida, Inc. (hereafter "MVPF") and Gabriel Armstrong (hereafter "Armstrong"), and alleges as follows:

NATURE OF ACTION

1.      Jacobson hereby brings claims for discrimination and retaliation pursuant to 42 U.S.C. § 1981 ("Section 1981") and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"), against his former employer, MVPF, and immediate supervisor, Armstrong.

JURISDICTION AND VENUE

2.      Jacobson's complaint raises federal questions under Section 1981 over which this court possesses original jurisdiction.  28 U.S.C. § 1331.  This court possesses supplemental jurisdiction on Jacobson's FCRA claims.

3.      Venue is proper in the Key West Division of the Southern District of Florida because the unlawful employment practices set forth herein arise from acts and incidences which took place in Monroe County, Florida.

## PARTIES

4.      Jacobson is a resident of Monroe County, Florida.   Jacobson is Jewish and, consequently, is a person who is a member of a racial category protected by Section 1981 and a protected religious category under the FCRA.

5.      MVPF is a Florida corporation conducting business in Monroe County, Florida. By virtue of its employment relationship with Jacobson, MVPF is subject to the prohibitions and remedies provided for by Section 1981.

6.      MVPF employs more than 15 employees and at all times material hereto, MVPF was an "employer" as defined by the FCRA.

7.      Armstrong is an individual and, upon information and belief, a resident of Monroe County, Florida.  By virtue of his involvement in MVPF's business operation, management of employees, and participation in the employment matters at issue herein, Armstrong is subject to the prohibitions and remedies provided for by Section 1981.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

8.      Jacobson exhausted his administrative remedies under the FCRA by dual-filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) within three hundred sixty-five (365) days of the retaliatory conduct alleged in this action.

2

9.     The EEOC made no determination as to the merits of Jacobson's allegations within the one-hundred eighty (180) day period following the filing of the charge of discrimination.

10.     Jacobson has satisfied any and all administrative requirements precedent to the filing of this action and is permitted to proceed to court pursuant to section 760.11, Florida Statutes.

FACTUAL ALLEGATIONS

11.     Jacobson began working for Key West Hyatt Residence Club as the Director of Sales and Marketing in August of 2016.

12.     In June of 2018, Jacobson was promoted to Project Director.

13.     Upon the acquisition of the property by MVPF, Jacobson continued in this position as an employee of MVPF.

14.     In September of 2018, Jacobson's wife had complications during the delivery of their son. Accordingly, Jacobson took some time off to care for his wife and newborn son.

15.     During this leave, Jacobson's supervisor, Regional Vice President, Jim Hansen, was terminated and replaced by Armstrong.

16.     During the duration of the FMLA leave, Armstrong interfered with Jacobson's FMLA rights by repeatedly contacting him and pressuring him to return to work.

17.     On October 12, 2018, Jacobson acquiesced to Armstrong's pressure and returned to work.

18.     Upon his return, Armstrong commented about Jacobson's son stating, "I'm sure he'll be fine, he has a Jewish mother. She'll either nurse him or nag him back to health."

3

19.     Shortly thereafter, Jacobson mentioned his son's upcoming Brit Milah. Armstrong replied, "you people have a holiday for everything.  It's only a circumcision."

20.     In this same conversation, Armstrong expressed his clear displeasure over Jacobson's request for time off for this important ceremony and suggested that it indicated a lack of dedication to his job.

21.     In November of 2018, holiday decorations were placed in the resorts and sales galleries. Previously, these decorations included a menorah.

22.     After Armstrong visited the sites, Jacobson discovered the menorahs had been removed, while leaving the Christmas decorations, including Christmas trees. Jacobson confronted Armstrong, who stated in response, "I am not allowed to display any religious symbols on the property."   He then asked, "Is Hanukkah even a holiday?" and "Just because Adam Sandler makes a song about Hanukkah doesn't mean we put menorahs everywhere."

23.     Jacobson noted there were Christmas decorations on the premises, to which Armstrong replied, "those aren't Christmas trees, those are holiday trees" and added, "menorahs will not be allowed in the sales gallery.  What happens if an employee is Wicca? Are you going to sacrifice a goat in the lobby?"

24.     Jacobson reported the matter to Lisa Waters, the local Human Resources Director, and the menorahs were ultimately returned.

25.     In December of 2018, while reviewing financial reports, Armstrong stated to Jacobson, "you're Jewish.  You're supposed to be good at numbers and squeezing profits."

26.     Jacobson indicated that he found this comment offensive, Armstrong replied, "aren't all Jewish people good with money?"

4

27.     In a subsequent incident, Jacobson attended a meeting in Bonita Springs that was also attended by Armstrong.  Prior to dinner, Armstrong asked Jacobson to cover a bar tab as each of them had ordered a beer.  Jacobson jokingly responded, "I'm not sure I can take on that kind of expense." Armstrong replied, "don't be a Jewbag."

28.     These comments echoed the common anti-Semitic trope regarding Jewish affinity for money and stinginess regarding spending.

29.     Over Christmas, Jacobson sent text messages to his managers stating, "Merry Christmas to you and your family." Armstrong sarcastically responded with a message reading, "Thanks buddy. Have a great TUESDAY!"

30.     In another incident one week later, Jacobson was called in by Ms. Waters and asked to respond to questioning by Rachel Metzger, a corporate Human Resources representative.

31.     In this meeting, Jacobson was asked about a three hundred dollar ($300.00) catering bill he had approved several months prior.

32.     It was suggested this catering bill might have been for Jacobson's wife's baby shower. Jacobson assured them it was not related to that event.

33.     The next day, it was determined that the restaurant had made an error, and the money was credited back to the company.

34.     On January 27, 2019, Armstrong asked Jacobson if he was having a good holiday. Jacobson expressed confusion at this statement and Armstrong stated, "It's National Holocaust Day."

35.     Jacobson explained this was not a day to be celebrated to which Armstrong replied, "more and more people are beginning to question the truth of the Holocaust and whether it really happened."

36.     This comment upset Jacobson and he explained to Armstrong that his great grandparents had escaped persecution in Europe and that he had family members killed in the Holocaust.   Armstrong dismissed these comments and stated, "stop getting worked up over nothing."

37.     Just over two weeks later, on February 12, 2019, Jacobson was advised that his employment was being terminated as a result of the issue relating to the restaurant invoice.

38.     This issue was absurdly described as "fiscal irresponsibility," notwithstanding that it was, at worst, a minor error that was easily rectified upon discovery.

39.     By contrast, upon information and belief, Armstrong has received no significant consequence as a result of his unlawful actions.

### COUNT I: SECTION 1981 – RACIAL DISCRIMINATION
(Against MVPF and Armstrong)

40.     Jacobson hereby repeats and realleges the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.     Jacobson, as a Jewish person, is in a protected racial category under Section 1981.

42.     Jacobson was, at all times material hereto, qualified to perform his job.

43.     MVPF and Armstrong discriminated against Jacobson and ultimately, terminated Jacobson's employment, due to his race.

44.     The discriminatory actions of MVPF and Armstrong unlawfully denied Jacobson his right to make and enforce contracts, in violation of Section 1981.

6

45.     As a direct, proximate, and foreseeable result of the MVPF's and Armstrong's discriminatory actions, Jacobson has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

46.     Jacobson has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorney's fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, Jacobson demands judgment against Defendants for:

      a.     Back pay;

      b.     Front pay;

      c.     Compensatory damages;

      d.     Punitive damages;

      e.     Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

      f.     Such other relief as this Court deems just and proper.

### COUNT II: SECTION 1981 – RETALIATION
(Against MVPF and Armstrong)

47.     Jacobson hereby repeats and realleges the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

48.     Jacobson engaged in protected activity by expressing his opposition to MVPF and Armstrong's discriminatory conduct.

49.     MVPF and Armstrong retaliated by terminating Jacobson's employment.

50.     The retaliatory actions of MVPF and Armstrong unlawfully denied Jacobson his right to make and enforce contracts, in violation of Section 1981.

51.     As a direct, proximate, and foreseeable result of the MVPF's and Jacobson's retaliatory actions, Jacobson has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

52.     Jacobson has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorney's fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Jacobson demands judgment against Defendants for:

    a.     Back pay;

    b.     Front pay;

    c.     Compensatory damages;

    d.     Punitive damages;

    e.     Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

    f.     Such other relief as this Court deems just and proper.

## COUNT III: FLORIDA CIVIL RIGHTS ACT – RACIAL DISCRIMINATION
(Against MVPF)

53.     Jacobson hereby repeats and realleges the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

54.     Jacobson, as a Jewish person, is in a protected religious category under the FCRA.

55.     Jacobson was, at all times material hereto, qualified to perform his job.

56.     MVPF and Armstrong discriminated against Jacobson and ultimately, terminated Jacobson's employment, due to his religion.

57.     As a direct, proximate, and foreseeable result of the MVPF's and Armstrong's discriminatory actions, Jacobson has suffered past and future pecuniary losses, emotional pain,

suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

58.     Jacobson has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorney's fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Jacobson demands judgment against Defendants for:

      g.     Back pay;

      h.     Front pay;

      i.     Compensatory damages;

      j.     Punitive damages;

      k.     Attorneys' fees and costs pursuant to the FCRA; and

      l.     Such other relief as this Court deems just and proper.

## COUNT IV: FLORIDA CIVIL RIGHTS ACT (RETALIATION)
(Against MVPF)

59.     Jacobson hereby repeats and realleges the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

60.     Jacobson engaged in protected activity by expressing his opposition to MVPF and Armstrong's discriminatory conduct.

61.     MVPF and Armstrong retaliated by terminating Jacobson's employment.

62.     The retaliatory actions of MVPF and Armstrong unlawfully denied Jacobson his right to make and enforce contracts, in violation of the FCRA.

63.     As a direct, proximate, and foreseeable result of the MVPF's and Jacobson's retaliatory actions, Jacobson has suffered past and future pecuniary losses, emotional pain,

suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

64.     Jacobson has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorney's fees and costs.

DEMAND FOR RELIEF

WHEREFORE, Jacobson demands judgment against Defendants for:

g.     Back pay;

h.     Front pay;

i.     Compensatory damages;

j.     Punitive damages;

k.     Attorneys' fees and costs pursuant to the FCRA; and

l.     Such other relief as this Court deems just and proper.

DEMAND FOR JURY TRIAL

Jacobson requests trial by jury on all issues so triable as a matter of right.

Date:   May 4, 2020                         Respectfully submitted,

/s/David H. Spalter
David H. Spalter, Esquire
Florida Bar No. 966347
Jill S. Schwartz, Esquire
Florida Bar No. 523021
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 West Morse Blvd., Ste. 212
Winter Park, Florida 32789
Telephone: (407) 647-8911
Facsimile: (407) 628-4994
E-mail: dspalter@schwartzlawfirm.net
E-mail: jschwartz@schwartzlawfirm.net
Secondary E-mail: docketing@schwartzlawfirm.net

Attorneys for Plaintiff

## **VERIFICATION**

Personally appeared before the undersigned, Scott Jacobson, who being first duly sworn, deposes and says that the allegations of this Verified Complaint and Demand for Jury Trial, consisting of paragraphs 1 through 64, inclusive of Demands for Relief, are true and correct to the best of his knowledge, information and belief.

_____
Scott Jacobson

STATE OF ~~FLORIDA~~ *of New Jersey*    )
COUNTY OF _Hudson_    )

The foregoing instrument was acknowledged before me this _28th_ day of _April_, 2020, by Scott Jacobson, who is personally known to me or who has produced _South Carolina Drivers License 102403406_ as identification, and who did take an oath.

_____
Notary Public
My Commission Expires:_____

PADMA PERSAUD
NOTARY PUBLIC
~~STATE OF NEW JERSEY~~
ID # 50110812
MY COMMISSION EXPIRES AUG. 22, 2024

11